[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a guilty plea, for spousal rape, in violation of General Statutes § 53a-70b, for which judgment the petitioner received a total, effective sentence of twenty years incarceration, suspended after fifteen years, probation five years.
The petitioner claims his confinement is unlawful because his trial counsel, Attorney Michael S. Wagner, rendered ineffective assistance with respect to the petitioner's guilty plea. Specifically, the petitioner contends that Wagner failed to insure CT Page 3339 that the petitioner's decision to plead guilty was voluntarily, intelligently, and knowingly made.
On September 26, 1988, the petitioner entered a plea of guilty, pursuant to a plea agreement, to a charge of spousal rape. In exchange for said plea, the prosecuting authority agreed to make no recommendation as to sentence and to nolle all the several other pending charges against the petitioner.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The petitioner testified at the habeas hearing that Wagner never discussed the wisdom or ramifications of accepting the plea offer. He stated that Wagner merely told him to plead guilty to a count of burglary in exchange for a sentence of time served. The petitioner emphatically denied pleading guilty to any other charge. He denied being informed of any sentencing possibility except time served. He also averred that during the plea canvass, because of a hearing impairment, he never heard the judge's words, instead Wagner repeated the judge's statements and questions to him.
Wagner also testified at the habeas hearing. He stated that he discussed the plea agreement with the petitioner in detail before the petitioner decided to accept it. He related that, among other things, he communicated the terms of the agreement, he explained the elements of the offense of spousal rape, and he explained the maximum possible sentence to the petitioner. Wagner noted that he was confident, at the time, that the petitioner heard CT Page 3340 and understood the trial judge's questions and comments during the plea canvass. On the few occasions when the petitioner experienced difficulty discerning the judge's comments, the petitioner spoke up, and any confusion was clarified. Wagner denied being a conduit for the judge's questions to the petitioner during the canvass.
The court has thoroughly reviewed and considered the evidence admitted at the habeas hearing and finds that Wagner's version of events is both credible and accurate and that the petitioner's recollection is seriously flawed and unworthy of belief. The transcript of the plea canvass amply reveals that the petitioner heard the trial judge, understood the judge, and responded to the canvass appropriately.
The petitioner's answers were responsive and amounted, in many cases, to more than the words "yes" or "no." These responses and the words employed by the petitioner indicate that he comprehended the queries posed by the judge and replied cogently to them. On more than one occasion, the petitioner supplied the correct response before the judge had finished asking the question. For example, the trial judge informed the petitioner of the possible consequences of the imminent conviction on a noncitizen. Before the judge could go on to the next topic, the petitioner interjected that he was, in fact, a United States citizen (Petitioner's Exhibit A, p. 4). At another point, the judge was explaining the elements of spousal rape to the petitioner using the word "compel." The petitioner interrupted the judge and inquired as to the meaning of the word "compel" (Petitioner's Exhibit A, p. 5). When the judge commenced describing the maximum penalty for the offense, the petitioner correctly finished the judge's sentence for him (Petitioner's Exhibit A, p. 6). As a final example, the judge began to explain that sentencing would take place at a later date, and the petitioner perceptively interposed "for a presentence investigation" (Petitioner's Exhibit A, p. 6). This last example moved the trial judge to remark that "a lot has been explained to you very well" (Petitioner's Exhibit A, p. 6).
The court finds that the petitioner has failed to satisfy his burden of proving, by a preponderance of the evidence, that Wagner's representation was deficient in the manner he has claimed.
For these reasons, the petition is denied.
Sferrazza, J. CT Page 3341